# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

ANTHONY L. MITCHELL II, *Prisoner Identification Nos. 328-14 and 2124205*,

    Petitioner,

v.

WARDEN RICKY FOXWELL and
THE ATTORNEY GENERAL OF
THE STATE OF MARYLAND,

    Respondents.

Civil Action No. TDC-17-0976

## MEMORANDUM OPINION

Anthony L. Mitchell II, a self-represented prisoner currently incarcerated at Eastern Correctional Institution in Westover, Maryland, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the Petition, Mitchell challenges his 2005 conviction in the Circuit Court for Harford County, Maryland for attempted second-degree murder and related offenses. Having reviewed the Petition, Respondent's Answer, and Mitchell's Reply, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. § 2254(e)(2) (2012). For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

On March 25, 2005, a jury sitting in the Circuit Court for Harford County convicted Mitchell of attempted second-degree murder and related offenses. On May 23, 2005, Mitchell was sentenced to 55 years of imprisonment. In an unreported opinion filed on January 18, 2008, the Court of Special Appeals of Maryland affirmed Mitchell's judgment of conviction.

Mitchell's request for further review by the Court of Appeals of Maryland was granted, *Mitchell v. State*, 948 A.2d 70 (Md. 2008), but the Court of Appeals affirmed his conviction on April 16, 2009, *Mitchell v. State*, 969 A.2d 989, 1004 (Md. 2009). Although Mitchell states that he filed a petition for a writ of certiorari with the United States Supreme Court, his description of that filing makes clear that he was referring to his state petition for post-conviction relief. Because there is no record that Mitchell filed a petition for a writ of certiorari with the United States Supreme Court, his conviction became final for direct appeal purposes on July 15, 2009. *See* Sup. Ct. Rule 13.1 (requiring that a petition for a writ of certiorari be filed within 90 days from date of the judgment from which review is sought).

On June 25, 2010, Mitchell filed a state petition for post-conviction relief in the Circuit Court for Harford County. In an Order docketed on January 19, 2016, the court granted Mitchell the right to file a belated motion for modification of sentence within 90 days but otherwise denied post-conviction relief. Mitchell filed an application for leave to appeal that decision on February 24, 2016. Because the application was not filed within 30 days after entry of judgment, the Court of Special Appeals dismissed the application on April 4, 2016. Mitchell's motion for modification of sentence, filed March 7, 2016, was denied on June 29, 2016.

Mitchell signed his federal petition for a writ of habeas corpus on April 1, 2017 and placed it in the prison mailing system on April 3, 2017. Accordingly, it is deemed filed as of April 3, 2017. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding that a prisoner's filing shall be deemed to have been filed on the date it was deposited with prison authorities for mailing); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

In the Petition, Mitchell asserts that the trial court erred by failing properly to hearken the jury on two counts of conviction. Mitchell also asserts that the State failed to disclose a

photographic lineup in which witnesses were unable to identify Mitchell and specifically failed to disclose that a witness who positively identified Mitchell at trial had previously failed to make an identification. Finally, Mitchell asserts that the prosecutor delivered an improper rebuttal argument that shifted the burden of proof to the defense.

In their limited Answer, Respondents assert that the Petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d) and that Mitchell has provided no basis for applying the doctrine of equitable tolling. In his Reply, Mitchell argues that he filed all appeals, petitions for a writ of certiorari, and petitions for post-conviction relief in a timely manner and that the one-year limitations period set forth in 28 U.S.C. § 2244(d) is "extremely ambiguous and vague." Reply at 3, ECF No. 8.

## DISCUSSION

A federal petition for a writ of habeas corpus must be filed within one year of the date on which the prisoner's judgment of conviction became final by the conclusion of direct review or, if no appeal was taken, upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 549 (2011). Specifically, the limitations provision provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Accordingly, periods of time during which Mitchell's state petition for post-conviction relief and equivalent motions were pending do not count toward the one-year period.

Here, the limitations period began to run, at the latest, on July 15, 2009, when the 90-day period for seeking a writ of certiorari from the United States Supreme Court expired. Between July 15, 2009 and June 25, 2010, the date that Mitchell filed his state petition for post-conviction relief, 345 days of the 365 limitation period elapsed. Mitchell's post-conviction petition and sentence reconsideration proceedings were concluded by June 29, 2016. Although 20 days of the 365-day limitation period remained, Mitchell did not file his federal habeas petition until April 3, 2017, 278 days later. During that 278-day period, there were no proceedings in state court that would serve to toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). Accordingly, the Petition was filed 258 days after the expiration of the one-year limitations period and is thus time barred.

The one-year period may be subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). In order to be entitled to equitable tolling, Mitchell must establish either that some wrongful conduct by the State contributed to the delay in filing his federal habeas petition, or that extraordinary circumstances beyond his control or external to his own conduct prevented him from filing on time. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances

4

where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (stating that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way").

Here, Mitchell has identified no wrongful conduct by the State that prevented him from timely filing the Petition. In asserting that the limitations requirement is ambiguous and vague, Mitchell essentially argues that his unfamiliarity with the relevant law should excuse his late filing. Even if Mitchell misunderstood the rules governing the limitation period, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (concluding that ignorance of the law is neither extraordinary nor a circumstance beyond the prisoner's control). Where Mitchell has failed to provide a basis to warrant equitable tolling, the Court will dismiss the Petition as time-barred.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478.

Here, Mitchell's claims are dismissed on procedural grounds, and this Court finds that Mitchell has not made the requisite showing to warrant a certificate of appealability. The Court therefore declines to issue a certificate of appealability. Mitchell may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, Mitchell's Petition for a Writ of Habeas Corpus will be DISMISSED as time-barred. The Court will not issue a certificate of appealability. A separate Order shall issue.

Date: May 31, 2018

THEODORE D. CHUANG
United States District Judge